RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 3/10/11
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CURTIS L. BLOOD, ET AL. | CIVIL ACTION NO. 10-1325 |
| VERSUS | JUDGE TRIMBLE |
| INTERSTATE BRANDS CORPORATION | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a motion for summary judgment by defendant Interstate Brands Corporation ("IBC") seeking dismissal of all claims against it by plaintiffs.[1] Also before the court is a motion to remand and for attorney fees filed by plaintiffs.[2] For the reasons expressed herein, the court finds that plaintiffs' motion for remand should be GRANTED and, accordingly, IBC's motion for summary judgment should be DENIED for want of jurisdiction.

I.  BACKGROUND

Plaintiffs, numbering sixty-seven (67) in all, are former IBC employees who filed suit in the Ninth Judicial District Court for the Parish of Rapides, Louisiana, on July 17, 2010 alleging hearing loss resulting from prolonged exposure to noise during their tenures at IBC.[3] IBC removed plaintiffs' suit to this court on August 20, 2010, asserting this court's original jurisdiction over the

---

[1] R. 8.

[2] R. 10.

[3] R. 1-1.

1

claims at issue because of their relation to IBC's ongoing Chapter 11 bankruptcy under 28 U.S.C. §§ 1334(b), 1446 and 1452(a).[4] Alternatively, IBC argues that the court possesses federal question jurisdiction in that plaintiffs' complaint alleges IBC's failure to provide adequate "warnings, monitoring, instructions, engineering and administrative controls, safety equipment, and hearing protection," which IBC asserts clearly implicates the provisions of the federal Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 651, et seq., although plaintiffs did not expressly state a federal claim.[5] Again in the alternative, IBC further asserts that this court possesses diversity jurisdiction over this case because plaintiffs are all residents of the State of Louisiana, while IBC is a Delaware corporation with its principal place of business in Irving, Texas and, contrary to the stipulation contained in plaintiffs' complaint, the amount in controversy as to at least one (1) of the named plaintiffs exceeds that statutory minimum of $75,000.[6]

IBC filed a motion to dismiss all claims against it pursuant to Fed. R. Civ. P. 12(b)(6), which was converted to the instant motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) based upon the court's finding that IBC's motion raises issues beyond the scope of the pleadings.[7] IBC's motion points out that no plaintiff to this action purports to have filed a timely proof of claim as required by the December 14, 2004 bankruptcy court order and the December 5, 2008 confirmed plan of reorganization.[8] IBC's motion also avers that each of the plaintiffs to this action received

---

[4] R. 1.

[5] R. 1 at pp. 5-6.

[6] Id. at pp. 6-7.

[7] R. 20.

[8] R. 8 at p. 2.

appropriate notice of IBC's bankruptcy filing for due process purposes, either by direct or constructive means as is required by bankruptcy law.[9] Again noting that, despite receiving adequate notice of the general claims bar date, none of the plaintiffs to this suit filed a proof of claim in the bankruptcy proceeding, IBC urges dismissal of plaintiffs' claims on the basis that these claims have been discharged by the confirmed bankruptcy plan pursuant to 11 U.S.C. § 1141.[10]

IBC's motion also asserts that plaintiffs' tort claims are precluded on the basis that the Louisiana Workers' Compensation Act ("LWCA"), La. R.S. 23:1020, et seq., provides plaintiffs' exclusive remedy for occupational disease acquired in the course and scope of employment.[11]

In response, plaintiffs filed their motion to remand and for attorney fees and costs, arguing that IBC's removal was improper in this case for several reasons.[12] First, plaintiffs maintain that they did not receive adequate due process notice of the general claims bar date and, for that reason, their claims were not discharged by IBC's confirmed bankruptcy plan.[13] Moreover, plaintiffs suggest that IBC may not use a federal defense, here, its bankruptcy theory argument, as a basis for removal since a federal question is not presented on the face of plaintiffs' complaint.[14] Second, plaintiffs reject the theory that their claims implicate OSHA because OSHA does not create a private right of action and

---

[9] Id. at p.

[10] R. 25 at p. 4-9.

[11] R. 8 at pp. 9-10.

[12] R. 10.

[13] Id. at p. 2-4.

[14] R. 28 at pp. 1-3.

does not preempt Louisiana tort law.[15] Lastly, plaintiffs assert that this court lacks diversity jurisdiction over this case because each of the plaintiffs and their attorney have signed stipulations to the effect that no plaintiff seeks more than $50,000 in damages in this action.[16] Plaintiffs argue that IBC lacked an objectively reasonable basis for removal under 28 U.S.C. 1447 and, for that reason, should be cast in judgment for attorney fees and costs associated with the improper removal of this suit.[17]

All necessary briefs having now been filed and reviewed by the court, we find both pending motions to be ripe for adjudication and address the law and argument advanced by the parties below.

## II.   PLAINTIFFS' MOTION TO REMAND

Plaintiffs' motion to remand alleges, first, that this court lacks subject matter jurisdiction over this case. Given plaintiffs' allegation, we must first address the threshold issue of jurisdiction before proceeding with any arguments as to the merits of plaintiffs' claims against IBC.[18]

Plaintiffs assert that IBC based its removal of this matter to federal court, first and foremost, on the its defense that plaintiffs' claims were discharged by IBC's confirmed Chapter 11 bankruptcy plan. Plaintiffs further assert that removal may not be based on the fact that a defendant's defense to an action lies in federal law and that federal jurisdiction must exist on the face of plaintiffs' well-

---

[15]R. 10 at pp. 4-7.

[16]Id. at pp. 7-8.

[17]Id. at pp. 8-10.

[18]Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 95 (1998) quoting Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379 (1884) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'").

4

pleaded complaint in order to be proper, citing In re Fairchild Aircraft Corp.[19]

In that case, the United States Bankruptcy Court for the Western District of Texas considered whether or not it had jurisdiction over a declaratory judgment action wherein the plaintiff sought judgment to the effect that claims against it in a Tennessee state court products liability suit were barred by a prior bankruptcy discharge pursuant to 11 U.S.C. § 524. The Fairchild court rejected the argument, based on the United States Supreme Court's then-recent ruling in Rivet v. Regions Bank of Louisiana,[20] that it lacked jurisdiction because plaintiff's declaratory action was essentially a defensive device.[21] Citing the United States Fifth Circuit Court of Appeal's decision in In re National Gypsum,[22] the bankruptcy court determined that plaintiff's declaratory action did fit within the court's federal question jurisdiction because in asserting discharge under 11 U.S.C. § 524, plaintiff was asserting a federal substantive right under the bankruptcy code and not an affirmative defense.[23] The court went on to observe that, if plaintiff were made a defendant to another state court suit, plaintiff would not be able to remove such case to federal court on the basis of that same bankruptcy discharge under the Supreme Court's ruling in Rivet.[24]

In light of the above jurisprudence, this court agrees with plaintiffs that the defense of bankruptcy discharge does not, in and of itself, provide a proper basis for removal jurisdiction.

---

[19] 220 B.R. 909 (Bankr. W.D.Tex. 1998).

[20] 522 U.S. 470 (1998).

[21] Fairchild, 220 B.R. at 912-913.

[22] 118 F.3d 1056 (5th Cir. 1997).

[23] Fairchild, 220 B.R. at 913.

[24] Id.

Plaintiffs' complaint alleges a tort by defendant under Louisiana law and resulting damages and does not allege a federal right of action. Unlike the plaintiff in Fairchild, IBC did not file a declaratory judgment action before this court and, instead, removed the case to this court.

As noted by the Supreme Court in Rivet, however, where the artful pleading doctrine applies, removal may be proper even when plaintiff's complaint fails to specifically allege a federal claim. The artful pleading doctrine permits a defendant to demonstrate removal jurisdiction where a plaintiff has artfully crafted his pleading so as to evade removal jurisdiction by the omission of necessary federal questions.[25]

As an alternative basis for removal jurisdiction in this case, IBC alleges that plaintiffs purposefully omitted reference to the OSHA, though their substantive allegations clearly invoke OSHA standards for hearing safety in the workplace, in order to evade federal jurisdiction.[26] Plaintiffs argue that OSHA does not create a right of action for personal injury and, instead, specifically preserves state law personal injury claims, providing, in part, that

> [n]othing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of,

---

[25] Rivet, 118 S.Ct. at 475.

[26] R. 14 at pp. 5-9.

6

employment.[27]

Plaintiffs also point out rulings by Louisiana's Thirty-fourth Judicial District Court for the Parish of St. Bernard in which that court considered evidence of a defendant's failure to meet OSHA standards within the greater context of its negligence analysis.[28] IBC argues that plaintiffs' complaint requires a court to construe OSHA regulations and, therefore, presents a federal question. The court disagrees. Plaintiffs do not claim relief under OSHA, but under Louisiana tort law and, as such, evidence of IBC's compliance with OSHA standards is merely one of many factors for the trial court to consider in addressing IBC's alleged breach of duty in this case. Should the trial court find that IBC did, in fact, breach a duty of care owed to plaintiffs, it will not provide a remedy under OSHA, but under La. Civ. C. Art. 2315. Accordingly, we do not find that any anticipated evidence by plaintiffs of OSHA standards presents an impediment to the litigation of this case in state court.

As a second alternative basis for removal jurisdiction, IBC argues that this case falls within this court's diversity jurisdiction under 28 U.S.C. 1332, which provides for the original jurisdiction of federal district courts over all civil actions when the amount in controversy exceeds $75,000 exclusive of interest and costs and is between citizens of different states.[29] IBC points out that it is a Delaware corporation with its principal place of business in Texas and that all plaintiffs are Louisiana residents.[30] IBC alleges that the stipulation that the total damages sought by each plaintiff

---

[27] R. 18 at pp. 3-4 citing 29 U.S.C. § 653(b)(4).

[28] Id. at p. 4 citing Peter Becker v. Murphy Oil Corp., 86-960 (La. 34th J.D.C. 3/23/2010) and Barbe v. American Sugar Refining, 105-703 (La. 34th J.D.C. 10/13/2010).

[29] 28 U.S.C. § 1332(a)(1); R. 14 at pp. 9-10.

[30] R. 1 at pp. 6-7.

in this case shall be below the sum of $50,000, signed by plaintiffs' counsel and found within plaintiffs' complaint, is not binding on any Louisiana court and, given Louisiana jurisprudence awarding sums greater than $75,000 to plaintiffs on claims of hearing loss, there is a reasonable basis for belief that damages will be sought above the $75,000 jurisdictional threshold.[31]

Plaintiffs argue that the judicial admission concerning maximum damages in this case, contained in their complaint, is binding on a Louisiana court under La. C. Civ. P. Art. 893(A)(1), which provides, in part, that

> [n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required.

The court agrees with plaintiffs that the stipulation as to limitation of damages contained in plaintiffs' complaint is a valid and binding judicial confession under Louisiana law.[32] Although, generally, Louisiana plaintiffs may recover amounts in excess of the damages specified in their pleadings, such plaintiffs may also affirmatively renounce the right to accept an award of damages in excess of $75,000.[33] We also agree that plaintiffs' individually executed "Stipulation Affidavits"

---

[31] R. 14 at pp. 9-10.

[32] C.T. Traina, Inc. v. Sunshine Plaza, Inc., 861 So.2d 156 (La. 2003); Harris v. Louisiana Paving Co., Inc., 427 So.2d 1352, 1356 (La. App. 2 Cir. 1983).

[33] Braden v. Standard Fire Ins. Co., 2009 WL 152129 (E.D. La. 2009); Real T, LLC v. State Farm Fire & Casualty Co., 2008 WL 4974862 (E.D. La. 2008); Lewis v. Lexington Ins. Co., 2008 WL 4862034 (E.D. La. 2008).

8

need not be attached to the petition, as averments by counsel for plaintiff have the same effect as one made by the party himself.[34]

We further agree with plaintiffs that, even if this court were to find that the stipulation at issue was without effect in this case, IBC has cited no evidence that any of these particular plaintiffs are likely to demand or receive damage awards in excess of $75,000 on their instant claims. As the party seeking to invoke federal jurisdiction, IBC must demonstrate by a preponderance of the evidence that the amount in controversy as to any one (1) plaintiff exceeds the statutory threshold of $75,000.[35] We find that IBC has not made such a showing.

In summary, we find that plaintiffs have demonstrated that this court lacks jurisdiction over the claims in this suit and that, accordingly, this suit should be remanded to the Ninth Judicial District Court for the Parish of Rapides, State of Louisiana, where it was originally filed.

## III.   ATTORNEY FEES AND COSTS OF THIS PROCEEDING

Plaintiffs' motion requests relief in the form of attorney fees and costs, alleging that IBC lacked an objectively reasonable basis for removal of this case. A review of our findings above demonstrates that each of IBC's three (3) bases for removal jurisdiction were contrary to express provisions of law or clearly applicable jurisprudence.

Specifically, the United States Supreme Court's ruling in Rivet v. Regions Bank of Louisiana[36] clearly forecloses IBC's argument that its prior bankruptcy discharge is a proper basis

---

[34] Gasquet v. Lexington Ins. Co., 2006 WL 3497777, *3 (E.D. La. 2006) quoting La. Civ. C. Art. 1853, comment (b).

[35] Luckett v. Delta Airlines, 171 F.3d 295 (5th Cir. 1999).

[36] 522 U.S. 470 (1998).

state court proceeding. Similarly, the plain language of OSHA at 29 U.S.C. 653(b)(4) forecloses IBC's argument that plaintiffs claims raise a federal question because of potential evidence of OSHA standards as part of plaintiffs' attempt to prove a breach of duty under Louisiana tort law by IBC. Moreover, the express provisions of La. C. Civ. P. Art. 893(A)(1) and comment (b) to La. Civ. C. Art. 1853 foreclose IBC's arguments that the judicial confession of maximum damages contained in plaintiffs' complaint is not binding on the court or otherwise inadequate because it was made by plaintiffs' counsel, rather than by plaintiffs themselves.

Given these findings, the court concludes that IBC lacked an objectively reasonable basis for removal of this case and, accordingly, plaintiffs' motion should be further granted with respect to its request for judgment imposing the costs and attorney fees associated with IBC's improper removal pursuant to 28 U.S.C. § 1447(c).

In furtherance of this finding, the court will order that plaintiffs file an itemized list of reasonable attorney fees, including an accounting of the work done, hours spent thereon and expenses incurred, into the record within ninety (90) days of the issuance of this memorandum ruling. IBC shall file any desired traversal of any claimed attorney fees within thirty (30) days of plaintiffs' filing. After receipt and review of these filings, the court will issue its ruling on the specific amount of attorney fees to be paid by IBC with notice to both parties.

### III.   CONCLUSION

As discussed above, the court finds that plaintiffs' motion for remand should be granted, as no basis for this court's jurisdiction exists as to plaintiff's claims in this suit. Moreover, the court finds that defendant IBC lacked an objectively reasonable basis for removal of the suit to this court

and, accordingly, should be taxed with reasonable attorney fees and costs of this proceeding pursuant to 28 U.S.C. 1447(c). Given these findings, we also conclude that IBC's motion for summary judgment as to plaintiffs' claims against it should be denied for lack of jurisdiction.

The court will issue an order in conformity with these findings.

**Alexandria, Louisiana**
**March 10, 2011**

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE