RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE _____
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CURTIS L. BLOOD, ET AL. | CIVIL ACTION NO. 10-1325 |
| VERSUS | JUDGE TRIMBLE |
| INTERSTATE BRANDS CORP. | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING AND ORDER

Before the court is a motion for reconsideration, for a new trial or for relief from judgment filed by defendant International Brands Corporation ("IBC").[1] IBC's motion seeks reconsideration of this court's prior memorandum ruling and order granting plaintiffs' motion for remand and for attorney fees and costs associated with IBC's removal of the above-captioned suit.[2]

IBC does not specify the Federal Rule of Civil Procedure under which it seeks relief and, instead, requests several reliefs in the alternative. While the federal rules do not expressly recognize a "motion for reconsideration," the Fifth Circuit treats such a motion as either, motions to alter or amend or a motion for relief from judgment, depending upon when the motion is filed. A motion for reconsideration filed within twenty-eight (28) days of the issuance of judgment is treated as a motion to alter or amend pursuant to Fed. R. Civ. P. 59(e).[3] A motion for reconsideration filed after that time is treated as a motion for relief from judgment pursuant to

---

[1] R. 38.
[2] R. 34, 35.
[3] Teal v. Eagle Fleet, Inc., 933 F.2d 341 (5th Cir. 1991) (distinguishing between motions to alter or amend and motions for a new trial based upon the timing of the filing of the motion). The court notes that Fed. R. Civ. P. 59(e) provided for a ten-day delay when Teal was decided. Rule 59(e) was amended in 2009 in order to provide a twenty-eight (28) day delay.

1

Fed. R. Civ. P. 60(b). The motion before the court was filed nineteen (19) days after the issuance of the underlying memorandum ruling and order. We therefore consider the motion as one to alter or amend under Rule 59(e).

A motion to alter or amend must demonstrate either manifest error of law or fact by the court or present newly discovered evidence that, for reasons expressly stated, was not able to be presented prior to the issuance of the judgment at issue. Such motion is not the proper vehicle to raise arguments or evidence that might have been offered prior to the issuance of judgment or to reurge arguments or evidence already presented.[4]

The court has reviewed IBC's motion and finds that it does not demonstrate an error of fact or law by this court. The court remains convinced that the law and jurisprudence referenced in its memorandum ruling and order clearly prohibited removal of the above-captioned case and, though it is not surprising that IBC attempted removal to federal court, the court does not equate the predictability of IBC's strategy with a "reasonable basis for removal." We also find that IBC's motion raises arguments that could and should have been advanced in its opposition to remand. As cited above, Rule 59(e) does not permit the court to entertain these arguments.

For these reasons, it is hereby

**ORDERED** that IBC's motion to alter or amend is **DENIED** in all respects.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 29th day of August, 2011.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Ross v. Marshall, 426 F.3d 745 (5th Cir. 2005); Templet v. HydroChem, Inc., 367 F.3d 473 (5th Cir. 2004).